Elizabeth POGANY

v.

Edward B. MEDEIROS, Individually and in His Official Capacity as a Member of the Board of Canvassers for the City of Pawtucket, Robert W. Castle, Individually and in His Official Capacity as a Member of the Board of Canvassers for the City of Pawtucket, and James O'Neil, as Attorney General of the State of Rhode Island.

Civ. A. No. 91–0569L.

United States District Court,
D. Rhode Island.

March 31, 1994.

Amato A. DeLuca, Mandell, DeLuca & Schwartz, Providence, RI, for plaintiff.

Gerald J. Pouliot, Christopher E. Fay, Frank J. Milos, Jr., John T. Gannon, City Solicitor's Office, Pawtucket, RI; Patrick James Quinlan; and Attorney Gen. of Rhode Island, Providence, RI, for defendants.

*MEMORANDUM AND ORDER*

LAGUEUX, Chief Judge.

This matter is before the Court for decision on the facts as stipulated by the parties. Plaintiff challenges the constitutionality of a portion of Rhode Island General Laws § 17–11–15, a statute restricting individuals eligible to serve as voting officials. It is her contention that the statute violates the First, Fifth, and Fourteenth Amendments to the United States Constitution as well as Article I, Section 2 of the Rhode Island Constitution.

*BACKGROUND*

Plaintiff Elizabeth Pogany is a resident of the City of Pawtucket, Rhode Island. She has been employed as a secretary in the Public Defender's office of the State of Rhode Island since 1987.

In September of 1991, plaintiff responded to a newspaper article soliciting individuals to serve as polling officials for elections to be held in Pawtucket on October 8, 1991 and November 5, 1991. Plaintiff was accepted by the Pawtucket Board of Canvassers and proceeded to attend two classes in order to

**2.** *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford* *Motor Co.,* 616 F.2d 603 (1st Cir.1980).

become a certified polling official. Plaintiff worked as an election official for the October primary election, but when she called to express interest in working at the November election, she was told that as an employee of the State she could not serve as a polling official.

Rhode Island General Laws § 17–11–15 provides:

No person shall be so appointed or serve as an election official who has been convicted, found guilty, pleaded guilty or nolo contendere, or placed on a deferred or suspended sentence, or on probation, for any crime which involves moral turpitude or which constitutes a violation of any of the election or caucus laws of this or any other state. *No person shall be appointed to serve as an election official who is an officer or employee of the United States, or this state, or of any city or town of this state except for public school employees, but no person shall be disqualified simply because he is a notary public.* No candidate for any office to be filled at any election shall be appointed at the election as an election official. *Every election official shall make an affidavit before some member of the proper board of canvassers to the effect that he or she is not disqualified by reason of the provisions of this section; provided, however, that the provisions of this section shall not apply to moderators and town clerks; nor shall the prohibition against state, city, or town employees include school teachers. The first, second, and fourth sentences of this section shall not apply to the town of Westerly* [1].

Although plaintiff invokes several constitutional provisions in support of her claim, her argument essentially is that she has been denied equal protection of the laws. Plaintiff contends that since the statute allows public employees who live in the Town of Westerly or who are school teachers to serve as polling officials, it establishes an unreasonable classification and thus, violates the equal protec-

---

1. Only the second, fourth, and fifth sentences of the statute are at issue in this case (underlined above). Accordingly, the Court does not exam-

tion clause of the Fourteenth Amendment to the United States Constitution.

The parties submitted a stipulation of agreed facts and arguments were heard on October 12, 1993. The matter is now in order for decision.

### EQUAL PROTECTION

■ A sister court has noted:

The underlying theory of judicial scrutiny under the equal protection clause is that persons "similarly circumstanced shall be treated alike." *F.S. Royster Guano Co. v. Virginia,* 253 U.S. 412, 415 [40 S.Ct. 560, 561, 64 L.Ed. 989] (1920). In practice, however, this ideal is difficult to uphold insofar as legislators are constantly forced to distinguish among individuals in the course of performing their lawmaking function. Therefore, some deference to legislative judgment is always required.

*Montalvo Huertas v. Rivera Cruz,* Civ. No. 89–0112 (JAF), 1989 WL 46716, at *9 (D.P.R. 1989) *rev'd on other grounds,* 885 F.2d 971 (1st Cir.1989). The level of scrutiny to be used when examining the constitutionality of a given statute depends upon the classifications being regulated. If the statutory scheme cannot pass even the minimal rationality test, however, then the court need not decide whether any enhanced scrutiny is warranted. *Zobel v. Williams,* 457 U.S. 55, 60–61, 102 S.Ct. 2309, 2313, 72 L.Ed.2d 672 (1982). This minimal rationality test, also known as the rational basis test, merely requires that a statutory discrimination be rationally related to a legitimate state interest in order for the statute to pass constitutional muster. *See id.* at 60, 102 S.Ct. at 2312–13.

The obvious purpose of Rhode Island General Laws § 17–11–15 is to prevent fraud and corruption in the election process by controlling who may serve as polling officials. The threat that public employees, who either directly or indirectly are working for a political entity, may be tempted to perpetuate their friends in power is a real concern. Preventing this is a legitimate state interest. Under the minimal scrutiny standard, therefore, the

ine the legitimacy of the other provisions of the statute.

state may rightfully restrict every governmental employee from serving as a polling official. However, any classification must be rationally related to that legitimate interest. The statute specifically exempts all public school teachers and any resident of the Town of Westerly from its restrictions. There is nothing to suggest that a school teacher by the nature of his or her employment as a school teacher is less susceptible to the forces and pressures of politics than a firefighter, a librarian, or other public employee. Furthermore, there is no evidence that residents of Westerly are immune to the same political pressures faced by public employees residing in other areas of the state. The Court can find no rational reason for these exclusions in light of the clear purpose of the statute. Therefore, the statute unreasonably discriminates against plaintiff and thus, violates the equal protection clause of the Fourteenth Amendment.

### RELIEF

The Court hereby declares that the above underlined portion of Rhode Island General Laws § 17–11–15 is unconstitutional on its face as a violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution. The Court will not rule on any of plaintiff's other challenges to the statute based on the United States and Rhode Island Constitutions. In light of the Court's declaration that the statute is unconstitutional, there is no need for the Court to restrain the defendants for the future. Accordingly, plaintiff's prayer for injunctive relief is denied.

### COSTS AND COUNSEL FEES

█ In addition to the declaratory relief granted in favor of plaintiff, she is also entitled to costs and an award of counsel fees under 42 U.S.C. § 1988. Any motion for such costs including counsel fees shall be made within thirty (30) days of this decision. The motion must be supported by a memorandum and the application for counsel fees must be supported by a detailed, contemporaneous accounting of the time spent by the attorneys on this case. *Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 952 (1st Cir.1984);

*Berger v. Rhode Island Bd. of Governors for Higher Educ.,* 832 F.Supp. 515 (D.R.I.1993). Defendant will have thirty (30) days thereafter to object with a memorandum in support. After said filings, the Court will set the matter down for hearing to determine the amount of costs and counsel fees to be awarded and included in the judgment. No judgement shall enter until those issues are resolved.

It is so ordered.